IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAX GENE HUDSON,

      **Plaintiff,**

      v.

MATT CAHILL, ET AL.,

      **Defendant.**

Case No. 15-CV-2319-JAR

## MEMORANDUM AND ORDER

Plaintiff Max Gene Hudson, proceeding *pro se* and *in forma pauperis*, brings this action against Deputy United States Marshal Matthew Cahill; the United States Marshals Service; Deputy Marshals Mike Eastwood, Robert Bodiford, Kevin Zeller, and Stephanie Howard; Linn County, Kansas Sheriff Walker (first name unknown); and the Linn County, Kansas Sheriff's Department. Plaintiff's Complaint states that the case arises under 28 U.S.C. § 1343. Specifically, Plaintiff alleges that Defendant Cahill failed to prevent other Marshals from killing his cattle and committing other abuses against him. Plaintiff also claims that he is a participant in the Witness Protection Program, from which he seeks to be removed.

Although this case was filed on February 3, 2015, only Defendant Cahill and the U.S. Marshals Service have been served and are represented by counsel. These Defendants have filed the present motion for dismissal of the case under Fed. R. Civ. P. 12(b)(1), 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56 (Doc. 14). Plaintiff filed a motion for an extension of time to respond to Defendants' motion to dismiss, which was contained in his response to the motion (Doc. 24). For the reasons detailed below, Defendants' motion to dismiss is granted. The Court also dismisses the claims against the other defendants pursuant to § 1915(e)(2) and Fed. R. Civ. P. 4(m). Plaintiff's motion for an extension of time is denied as

moot since he simultaneously filed his response, which the Court took into consideration in deciding Defendants' motion.

## I.     Background

Because Plaintiff is a *pro se* litigant, the Court construes his pleadings liberally and applies a less stringent standard than that applicable to attorneys.[1]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[2]  The Court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[3]

The claims in Plaintiff's Complaint and the numerous other letters and motions he has filed in this case are disjointed, and it is difficult to glean the substance of his allegations.  The crux of his claims, however, rest on his alleged participation in the Witness Protection Program and alleged abuse that he has suffered at the hands of Marshals, whom he calls his "handlers."  He claims that various Marshals have been abusing him and his family for years, and that Deputy Marshal Mike Eastwood killed his cattle in Kansas and Oklahoma in 2007.  He alleges that Deputy Marshal Cahill did not prevent that killing.  He also alleges that the Marshals are monitoring him in his house, and that a group of Marshals killed two of his dogs and poisoned another.  Plaintiff claims that the Linn County Sheriff's Department put him in jail without a reason, harassed him, and allowed the Marshals to continue abusing him.  Plaintiff requests that he be allowed off the Witness Protection Program and that all monitors be taken off him.  He also requests damages of $2 million for the cattle, and punitive damages.

---

[1] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[2] *Id.*

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

The Court liberally construes Plaintiff's Complaint to assert tort claims of assault, battery, and conversion. As such, his claims against the U.S. Marshals are subject to the Federal Tort Claims Act ("FTCA"), as it "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees."[4] Plaintiff's claims against the Linn County Sheriff and Sheriff's Department are subject to the Kansas Tort Claims Act.[5]

## II.   Subject Matter Jurisdiction

Defendants argue that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the grounds that Plaintiff has improperly named as defendants the U.S. Marshals Service and Deputy Marshal Cahill rather than the United States; Plaintiff has failed to exhaust his administrative remedies as required by the FTCA; Plaintiff may not bring intentional tort claims against the United States; and his claims for punitive damages are barred by sovereign immunity. The Court agrees.

A motion to dismiss for lack of subject matter jurisdiction may take one of two forms. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to

---

[4] *Wexler v. Merit Sys. Prot. Bd.*, No. 92-1194, 1993 WL 53548, at *2 (10th Cir. Feb. 17, 1993); *see also Davenport v. U.S. Dep't of Treasury*, No. 14-2527-CM, 2015 WL 1346847, at *1 (D. Kan. Mar. 25, 2015); 28 U.S.C. §§ 2671 *et seq.*

[5] K.S.A. §§ 75-6101 *et seq.*

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

Defendants first argue that Plaintiff's claims against them must be dismissed for lack of subject matter jurisdiction because they are improperly asserted against the U.S. Marshals Service and individual Deputy Marshals, where they should be asserted against the United States. "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."[8] Thus, "[w]hen plaintiff asserts tort claims against an agency, and not the United States, the court lacks subject matter jurisdiction to hear [his] tort claims."[9]

Even if Plaintiff had properly named the United States as a defendant in his Complaint, it must be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies as required by the FTCA.[10] The administrative exhaustion requirement is jurisdictional, and it cannot be waived.[11] Therefore, a federal court does not have subject matter jurisdiction over a claim if the plaintiff has not first exhausted his administrative remedies.[12] "Because the FTCA constitutes a waiver of the government's sovereign immunity,

---

[7] *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325)); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003)).

[8] *Davenport*, 2015 WL 1346847, at *1 (quoting *Wexler*, 1993 WL 53848, at *2); *see also Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1142 (10th Cir. 1999) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under the FTCA, 28 U.S.C. § 1346(b), and the remedies provided by the FTCA in such cases shall be exclusive.")  (quoting 29 U.S.C. § 2679(a)).

[9] *Id.*

[10] 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

[11] *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294–95 (10th Cir. 1977).

[12] *Id.*

4

the notice requirements established by the FTCA must be strictly construed."[13] In interpreting this requirement, the Tenth Circuit has adopted the rule that a plaintiff must file a claim with the appropriate federal agency that includes "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[14]

There is no indication in Plaintiff's Complaint or other filings that he ever presented these claims to an administrative agency of the United States. In fact, Plaintiff's Complaint indicates that his claims have not been presented through any administrative agency or procedure.[15] He states that the reason he did not present the claims to an administrative agency is that the U.S. Marshals "have stopped every thing I have tried. Maj. Cahil stopped my lawyer Jeff Bruce this time."[16] There is no explanation or elaboration of this statement in the complaint or other filings. As noted above, the requirement that claims must first be presented to an administrative agency before being brought in federal court may not be waived. Plaintiff's failure to exhaust his administrative remedies is fatal to his claims, regardless of his vague allegation that the U.S. Marshals prevented him from exhausting his claims administratively.

To the extent Plaintiff's claims are for the intentional torts of battery, assault, and conversion, they must also be dismissed for lack of subject matter jurisdiction because intentional tort claims against the United States are barred by sovereign immunity.[17] Plaintiff is

---

[13] *Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

[14] *Id*; *see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).

[15] Doc. 1 at 5.

[16] Doc. 1 at 5.

[17] 28 U.S.C. § 2680(h) (stating that waiver of sovereign immunity does not extend to claims arising out of assault, battery, or other specified intentional tort claims); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 955 (10th Cir. 2007) ("As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him

likewise barred from asserting claims for punitive damages against the U.S. Marshals Service and its deputies in their official capacity.[18]  Finally, to the extent that Plaintiff's complaint may be construed to assert a *Bivens* claim against the United States, the U.S. Marshals Service, or Deputy U.S. Marshals acting in their official capacity, that claim is also barred by sovereign immunity.[19]

### III.     Claims Against Unrepresented Deputy U.S. Marshals

Defendants Mike Eastwood, Robert Bodiford, Kevin Zeller, and Stephanie Howard, are not represented by counsel, nor have they appeared or, apparently, been served in this case.[20] The represented defendants suggest in their motion for dismissal that some or all of these defendants may not exist, or at least are not Deputy U.S. Marshals.  They submit a declaration by Kendra Davis, a Human Resources Specialist with the United States Marshals Service, which states that neither Mike Eastwood, Robert Bodiford, Kevin Zeller, nor Stephanie Howard is or has ever been employed with the United States Marshals Service.[21]

---

and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception.").

[18] 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for . . . punitive damages.").

[19] *Davenport*, 2015 WL 1346847, at *3 (holding that *Bivens* claim against United States is barred by sovereign immunity) (citing *Greenlee v. U.S. Postal Serv.*, No. 05–2509 JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006)); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994) (holding that *Bivens* claim may not be brought against a federal agency); *Weaver v. United States*, 98 F.3d 518, 520-21 (10th Cir. 1996) (recognizing that a claim based on actions by defendants in their official capacity as agents of the United States is actually a claim against the United States itself, and is thus barred by sovereign immunity).

[20] Summons was issued on March 24, 2015, as to Defendant Cahill, but Plaintiff did not provide addresses for the other defendants, so the U.S. Marshals Service could not serve them.  Even though a Plaintiff proceeding *in forma pauperis* is entitled to have the U.S. Marshals serve defendants, it is the Plaintiff's responsibility to provide them with the necessary information to be able to do so.  *See Garcia v. Foresythe*, No. CIV-14-123-C, 2014 WL 4792081, at *2 (W.D. Okla. Sept. 24, 2014).

[21] Doc. 15-4.

6

Where a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2), requires a court to screen cases and "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[22] The Court may dismiss a case that falls into these categories *sua suponte*.[23] Although the statute refers to prisoners, it "applies to all persons applying for IFP status, and not just to prisoners."[24]

The Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."[25] "Section 1915[(e)(2)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits . . . ."[26] To accomplish that goal, the statute gives district courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[27] This means that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."[28] For example, courts may dismiss "claims of a legal interest which clearly does not exist," or "claims describing fantastic or delusional scenarios."[29]

---

[22] *Judy v. Obama*, 601 F. App'x 620, 622 (10th Cir. 2015) (quoting 28 U.S.C. § 1915(e)(2)).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

[24] *Judy*, 601 F. App'x at 621 (quoting *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013)).

[25] *Neizke v. Williams*, 490 U.S. 319, 325 (1989).

[26] *Id.* at 327 (discussing § 1915(d), which was updated in 1996 and became § 1915(e)(2)).

[27] *Id.*

[28] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[29] *Id.* at 327–28.

Here, it is apparent that Plaintiff's allegations are fantastic.  The individual defendants Mike Eastwood, Robert Bodiford, Kevin Zeller, and Stephanie Howard, are not Deputy U.S. Marshals, as Plaintiff alleges.[30]  It is unclear whether these individuals exist.  Furthermore, Plaintiff is not currently and has never been part of the Witness Protection Program.[31]  His claims that the Deputy Marshals are his "handlers," that they are monitoring him with radio devices in his home, and that Mike Eastwood killed his cattle, "rise to the level of the irrational or the wholly incredible."[32]  It appears that Plaintiff's claims lack a factual basis, and instead "describe fantastic or delusional scenarios."[33]

Even if Plaintiff's claims were not fantastic, they would still warrant dismissal for lack of subject matter jurisdiction, for the same reasons that his claims against Deputy Marshal Cahill and the U.S. Marshals Service fail.  Assuming the named individuals are Deputy Marshals, as Plaintiff alleges, and assuming they did engage in the tortious activity Plaintiff alleges, the Court lacks subject matter jurisdiction to hear Plaintiff's claims against them.  The claims against the unrepresented Deputy Marshals must therefore be dismissed.[34]

---

[30] Doc. 15-4.

[31] Doc. 15-5 ¶ 7.

[32] *Denton*, 504 U.S. at 33.

[33] *Neitzke*, 490 U.S. at 328.

[34] To the extent Plaintiff asserts a *Bivens* claim against the Deputy U.S. Marshals in their individual capacities, his claims are time-barred and must be dismissed.  The statute of limitations for *Bivens* claims in Kansas is two years.  K.S.A. § 60-513; *see also Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) ("A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues.").  Plaintiff's claims date to 2007, which is when he asserts that his cattle were killed.  He filed his case in early 2015.  Therefore, any claims against Deputy

### IV.     Claims Against Unrepresented Linn County Defendants

Plaintiff names the Linn County, Kansas Sheriff's Department and Linn County Sheriff Walker as defendants in this suit for jailing him without a reason, harassing him, and failing to prevent the Marshals from abusing him.  These claims must also be dismissed.  The County Defendants are not represented by counsel and have not been served in this case, so the Court dismisses the claims *sua sponte* on two bases: Pursuant to § 1915(e)(2)(iii), because Plaintiff primarily seeks monetary relief in this case and the County Defendants would likely be immune from such relief; and pursuant to Fed. R. Civ. P. 4(m), because of Plaintiff's failure to serve the County Defendants within 120 days.

The Kansas Tort Claims Act immunizes governmental entities and employees from liability for "failure to provide, or the method of providing, police or fire protection."[35] Plaintiff's claim that the County Defendants failed to prevent the Marshals from abusing him falls squarely within the parameters defined by this provision, and must therefore be dismissed pursuant to § 1915(e)(2)(iii), since Defendants are immune from liability.

Furthermore, the County Defendants have never been served in this case.  Fed. R. Civ. P. 4(m) requires a defendant to be served within 120 days after a complaint is filed.  If service is not effectuated within that time period, the Court must dismiss the action without prejudice against that defendant.  This action was filed on February 3, 2015.  Plaintiff's time to serve Defendants in accordance with Rule 4(m) expired in June of 2015.  The Court therefore must dismiss the case against the County Defendants.

---

Marshal Cahill and the other Deputy Marshals in their individual capacities must be dismissed as time-barred, in addition to the other defects that the Court has already identified.

[35] K.S.A. § 75-6104(n).

9

Although the service Rule requires dismissal of the case without prejudice, it is appropriate here to dismiss the case against the County Defendants with prejudice. The allegations against the County Defendants appear to be temporally linked to Plaintiff's claims about the killing of his cattle. Even though Plaintiff does not specify when the alleged jailing or harassment by the County officials took place, his claims all center around the alleged killing of the cattle, which he states took place in 2007. Plaintiff's other filings, which are no clearer than his Complaint, also indicate that all the events that form the basis of his claims occurred in 2007 or 2008. If the case were dismissed as to the County Defendants without prejudice, Plaintiff would be barred from beginning a new action against those defendants by the statute of limitations, which is two years.[36] Finally, although Plaintiff is proceeding *pro se* and he must therefore be afforded leniency in his pleadings, the fantastic and delusional quality of Plaintiff's claims indicate that they lack grounding in reality, in addition to their statute of limitations defects. For all these reasons, the Court finds that Plaintiff's claims against the County Defendants should be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss the claims against Deputy U.S. Marshall Matthew Cahill and the U.S. Marshals Service (Doc. 14) is granted. The claims against the federal defendants are dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the claims against Mike Eastwood, Robert Bodiford, Kevin Zeller, and Stephanie Howard, are dismissed with prejudice pursuant to § 1915(e)(2). The claims against the Linn County, Kansas Sheriff's Department and Linn County, Kansas Sheriff Walker are dismissed with prejudice pursuant to § 1915(e)(2) and Fed. R. Civ. P. 4(m).

---

[36] K.S.A. § 60-513.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to respond to Defendants' motion (Doc. 24) is denied as moot.

**IT IS SO ORDERED.**

Dated: <u>November 4, 2015</u>

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE